## Commonwealth v. Barlup

*LeRoy S. Maxwell*, for Commonwealth.
*George S. Black*, for defendant.

WINGERD, P. J., January 10, 1947.—In this case defendant, Homer Barlup, was charged with permiting an unlicensed operator to operate a motor vehicle owned by him, in violation of section 622 of The Vehicle Code of May 1, 1929, P. L. 905, which provides:

"No person shall authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

Section 601 forbids any person from operating any motor vehicle on a highway in this Commonwealth without having been licensed as an operator or learner by the Department of Revenue.

Defendant appeared before the justice of the peace, before whom the prosecution was brought, and gave bond for a hearing before the court of quarter sessions. The case was heard by that court. The Commonwealth presented its evidence but defendant offered none.

It is clear that to convict defendant it must be shown: First, that he was the owner of the motor vehicle in question or had it under his control; second, that he authorized or permitted a third person to operate it; and third, that such third person had not been

licensed as an operator or learner by the Department of Revenue to operate a motor vehicle on the highways of this Commonwealth.

It was the contention of defendant that the Commonwealth failed to produce evidence from which any of the essential elements of the offense could be found. We will not discuss the first and second elements, above mentioned, as we feel the Commonwealth failed to prove the third.

The Commonwealth's only evidence that the person driving the motor vehicle in question was an unlicensed operator was the fact that when accosted by a State policeman he failed to produce an operator's license when requested by the policeman to do so.

The mere fact that a driver does not produce an operator's license is not such evidence as is sufficient to find beyond a reasonable doubt that he was unlicensed. He may have failed to have his license with him or he may, for some reason of his own, or other cause, have refused to produce it. We have no right in reason to find that the only conclusion which can be drawn from his failure to produce a license is that he was an unlicensed driver. Just why a license was not produced is merely conjecture and no defendant should be convicted on conjecture.

As we cannot properly find from the evidence produced that the driver of the motor vehicle in question was an unlicensed operator, we must find him not guilty of the offense with which he is charged.

We add that there is no hardship on the Commonwealth to properly and conclusively prove that the driver of a motor vehicle is an unlicensed operator, if such is the fact, for it can obtain a proper certificate as to the records of the only source of drivers' licenses in the Commonwealth, which will show such fact.

Now, January 10, 1947, defendant is found not guilty. County of Franklin shall pay the costs.